Filed 10/19/23  P. v. Melton CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E080028 |
| v. | (Super.Ct.No. FVI20003040) |
| DEREK MARCUS MELTON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Debra Harris, Judge.  Affirmed.

Lara Vavakin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier, Warren J. Williams and Sahar Karimi, Deputy Attorney Generals, for Plaintiff and Respondent.

Defendant and appellant Derek Marcus Melton pled no contest to one count of inflicting corporal injury on a spouse or cohabitant (Pen. Code, § 273.5).[1] He challenges the trial court's imposition of the upper-term sentence of four years. As explained *post*, we affirm because aggravating factors present at the time defendant was granted probation supported an upper-term sentence.

## FACTUAL AND PROCEDURAL HISTORY

### A.    FACTUAL HISTORY

Defendant pled no contest to one count of inflicting corporal injury on a spouse or cohabitant under section 273.5. After entering his plea, defendant was granted formal probation for a period of 48 months. As relevant, the terms of probation required defendant "violate no law," and "not leave the State of California without first obtaining written permission of [his] probation officer."

In August 2022, a petition for revocation of probation was filed, alleging that defendant had violated the terms of his probation during a visit to Las Vegas. Specifically, the petition alleged defendant traveled to Las Vegas without obtaining prior written permission from his probation officer; and that, while there, he was arrested for domestic battery, after he allegedly grabbed his girlfriend's hair forcefully. The petition noted that defendant also had a prior criminal record, consisting of numerous misdemeanor convictions, including embezzlement (Pen. Code, § 508), reckless driving (Veh. Code, § 23103, subd. (a)), driving with a suspended license (Veh. Code § 14601.5,

_____

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

subd. (a)), and a separate conviction of inflicting corporal injury on a spouse or cohabitant (Pen. Code, § 273.5). The petition recommended defendant's probation be revoked.

On October 19, 2022, A probation revocation hearing was held. Evidence presented at the hearing included testimony from a probation officer, who testified he had prepared a supplemental report concerning defendant's alleged probation violations. The officer further testified that defendant had violated the terms of his probation; that the supplemental report recommended an aggravated term of four years; and that "the basis for [the] recommendation for the original charges that got [defendant] on probation is the crime involved great violence, bodily harm, [and] threat of bodily harm." Additionally, the supplemental report indicated several circumstances in aggravation, including both the violent nature of the instant offense—i.e., the 2020 section 273.5 conviction—and the abundance of and increasing seriousness of defendant's criminal record.

Defendant's counsel argued that the trial court could not impose the upper term because certain aggravating factors were not proven at a jury trial. In response, the People asserted that, while an upper-term sentence required a finding of aggravating factors, the trial court could make such finding through a number of ways, including consideration of defendant's "rap sheet." Defendant replied, asserting that reliance on the rap sheet was improper, as the record consisted entirely of misdemeanors.

The trial court thereafter took notice of defendant's rap sheet and issued a tentative decision, concluding defendant was in violation of his probation terms. The court also concluded that, based on defendant's "rap sheet, plus the facts of the case . . . [¶] . . .

3

sufficient evidence of aggravating factors" existed to impose an upper-term sentence. Thereafter, the trial court entered judgment, revoking defendant's probation and imposing the upper-term sentence. Defendant timely appealed.

B.    FACTUAL HISTORY[2]

In 2020, defendant repeatedly hit and kicked his then-girlfriend until she lost consciousness and sustained a tear to her intestines. Thereafter, defendant took her phone, preventing her from immediately calling for help. Eventually, she was taken to a hospital where she received surgery to treat her injuries.

**DISCUSSION**

Defendant contends the trial court abused its discretion by imposing the upper-term sentence. Specifically, defendant asserts the trial court improperly relied on evidence of his 2022 Las Vegas arrest to conclude an upper term was warranted because section 1170, subdivision (b), (procedures for imposing upper-term sentence), and California Rules of Court, rule 4.435(b) (sentencing on revocation of probation),[3] prohibit consideration of postprobation criminal conduct. He further asserts that, even setting aside the Las Vegas arrest, his preprobation criminal history "[did] not justify exceeding the presumptive middle-term," as it consisted of misdemeanors that were not egregious.

---

[2] The parties stipulated that the police report provided the factual basis for defendant's plea.

[3] All further rule references are to the California Rules of Court unless otherwise specified.

4

In response, the People assert that the trial court impliedly found defendant had a history of numerous or increasingly serious offenses, and that such finding properly supports an upper-term sentence. Specifically, the People argue that the trial court did not improperly rely on the Las Vegas arrest, because it based its finding on the totality of defendant's rap sheet, which included evidence regarding defendant's prior misdemeanor convictions.

Initially, close review of the record demonstrates the trial court imposed the upper-term sentence based on the aggravating factors under rule 4.421(a)(1) (crime involved great violence), rule 4.421 (b)(1) (defendant engaged in violent conduct), and rule 4.421(b)(2) (numerous or increasingly serious prior convictions). (*People v. Pearson* (2019) 38 Cal.App.5th 112, 117 [explaining statements by trial court evinced rule 4.421 factors]; see also *People v. Martinez* (2008) 166 Cal.App.4th 1598, 1606 [statement concerning violent nature of crime indicated reliance on rule 4.421(a)(1)].) Specifically, the record indicates that the supplemental report relied upon aggravating circumstances under rule 4.421(a)(1) and (b)(1)-(2) to support its upper-term sentence recommendation; that the trial court confirmed the report's recommendation was based on "the original . . . crime involv[ing] great violence"; and that the trial court ultimately concluded the totality of defendant's rap sheet and the facts of the case sufficiently demonstrated aggravating factors to sentence defendant to the upper term. (*Pearson*, at p. 117.)

Turning to the merits, we conclude the trial court committed no sentencing error, because the preprobation evidence of defendant's conduct adequately supports imposition

5

of an upper-term sentence based on the aggravating factors in rule 4.421(a)(1) and (b)(1)-(2). (§ 1170, subd. (b).)

Section 1170 generally provides that a trial court shall impose an upper-term sentence only when there are aggravating circumstances "that justify . . . exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b).) Notwithstanding those proof requirements, the trial court "may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b); see *People v. Butler* (2023) 89 Cal.App.5th 953, 958-959 (*Butler*), review granted May 31, 2023, S279633.)[4] The trial court may consider aggravating factors "relat[ed] to the crime and . . . to the defendant," such as, inter alia, whether the crime "involved great violence, great bodily harm . . . or other acts disclosing a high degree of cruelty," and whether "[t]he defendant has engaged in violent conduct that indicates a serious danger to society." (Rule 4.421.) In implementing section 1170, with regards to probation revocation proceedings, the trial court must base "the length of the sentence . . . on circumstances existing at the time [probation] was granted," and is prohibited from considering "subsequent events." (Rule 4.435(b).)

---

[4] We cite *Butler* for its persuasive value, in accordance with rule 8.115(e)(1).

6

To determine whether a trial court abused its discretion in imposing an upper-term sentence, a reviewing court asks whether the aggravating factors relied upon by the trial court could have been found to be unquestionably true, beyond a reasonable doubt. (See *People v. Flores* (2022) 75 Cal.App.5th 495, 500; *People v. Lopez* (2022) 78 Cal.App.5th 459, 463; *People v. Zabelle* (2022) 80 Cal.App.5th 1098, 1112-1113; see also *Butler*, *supra*, 89 Cal.App.5th at 959-960.) Where the record indicates the aggravating factors were supported by uncontroverted evidence, there is no error.[5]

As to the trial court's reliance on rule 4.421(a)(1) and (b)(1), we conclude those factors were properly supported by stipulated facts that demonstrate defendant's violent and callous criminal conduct. (See § 1170, subd. (b)(2) [imposition of upper term may be based on facts stipulated to by defendant].) Specifically, it was undisputed that, at the time defendant was placed on probation, he stipulated to the underlying facts of his 2020 section 273.5 conviction, which indicated: he had assaulted his then-girlfriend, prevented her from accessing medical help, and caused her significant internal bodily injury. These stipulated facts demonstrate that defendant's 2020 conviction involved a high degree of violence and callousness, so as to satisfy the sentencing requirements imposed by section 1170. (*People v. Martinez*, *supra*, 166 Cal.App.4th at p. 1607.)

We next conclude that, contrary to defendant's contentions, the trial court properly relied on rule 4.421(b)(2), as the record demonstrates his prior criminal convictions were both numerous *and* increasingly serious. (§ 1170, subd. (b)(3); rule 4.421(b)(2).)

---

[5] In light of our conclusion that the trial court committed no sentencing error here, we need not resolve any split in authority regarding the appropriate harmless error test.

Specifically, as to the abundance of defendant's criminal convictions, the record invalidates any possibility that defendant's preprobation convictions were sparse. (§ 1170, subd. (b)(3); *People v. Searle* (1989) 213 Cal.App.3d 1091, 1098.) Indeed, defendant's certified record of conviction indicates that, at the time probation was granted, he had at least four misdemeanor convictions—including at least one under section 273.5. These are sufficiently numerous to permit the trial court to rely on rule 4.421(b)(2) as an aggravating circumstance. (*Searle*, at p. 1098.) Further, the trial court's reliance on rule 4.421(b)(2) was proper, because defendant's preprobation convictions were also increasingly serious. Specifically, the record indicates that, within a few years, defendant progressed from less serious offenses—including a non-violent section 508 embezzlement conviction—to at least one section 273.5 conviction for assaulting a cohabitant or spouse. In light of these facts, imposition of an upper-term sentence was not an abuse of discretion.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER

J.

We concur:

McKINSTER

Acting P. J.

CODRINGTON

J.

8